UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 20-cr-20092
    Hon. Matthew F. Leitman

GOWON D. YOUNGER,

    Defendant.
_____/

### ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE (ECF No. 32)

On December 21, 2020, Defendant Gowon Younger pleaded guilty to one count of possession of a firearm by a convicted felon. The Court subsequently sentenced Younger to a term of 36 months in federal prison. (*See* Judgment, ECF No. 27.) Younger has been incarcerated in the custody of the Federal Bureau of Prisons since August 2021.

On August 19, 2022, approximately one year into his three-year sentence, Younger filed a *pro se* motion for compassionate release from custody pursuant to 18 U.S.C. § 3582(c)(1)(A). (*See* Mot., ECF No. 32.) Younger seeks compassionate release primarily based on the heightened risks that he believes he faces from the COVID-19 virus as an individual who is incarcerated in federal prison. More specifically, Younger says that "compelling and extraordinary" circumstances

1

justify his release because he "has underlying medical conditions [which] include obesity, liver disease, sleep apnea, a history of smoking and alcohol abuse, and anxiety disorder," which put him at a heightened risk of contracting the COVID-19 virus. (*See id.*, PageID.206-207.) According to Younger, this risk is further exacerbated in the particular facility where he is currently confined, which "has the highest total number of individuals who have been tested positive for COVID-19 of any B.O.P. facility." (*Id.*, PageID.209.) While Younger acknowledges that he has been vaccinated, he cites studies that purport to demonstrate the limited effectiveness of the vaccines. (*See id.*, PageID.212.) Younger argues that in light of these circumstances, he should be granted compassionate release.

The Court declines to grant compassionate release. As the United States Court of Appeals for the Sixth Circuit has recently, and repeatedly, recognized, "when [a prisoner] has access to the COVID-19 vaccine," the prisoner's potential exposure to the virus while in custody "does not present an extraordinary and compelling reason warranting" release. *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021); *see also United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021) (holding district court did not abuse its discretion when it denied a motion for compassionate release based on prisoner's underlying health conditions where defendant had been fully vaccinated against COVID-19). As Younger acknowledges, he has received multiple vaccinations against the COVID-19 virus. (*See* Mot., ECF No. 32,

PageID.206.) While those vaccinations may not eliminate any and all risks that COVID-19 may pose to Younger, the vaccines reasonably mitigate the most serious risks from the virus. Thus, Younger's potential exposure to the virus does not constitute an extraordinary and compelling circumstance warranting his release. *See Traylor*, 16 F.4th at 487.

Therefore, Younger's motion for compassionate release (ECF No. 32) is **DENIED**.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: October 28, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 28, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126